BEACH *vs.* CHAMBERLAIN and others.

Where a court of common pleas refuse to exercise a discretion vested in them by law, under the impression that they possess not the power which they are called upon to exercise, and in consequence a judgment is erroneously obtained, such judgment will be reversed for error.

ERROR from the Seneca common pleas. Beach sued Chamberlain, a constable, and the others his sureties, before a justice of the peace for a liability incurred by Chamberlain as a constable, in relation to an execution issued on a judgment in favor of Beach against three persons of the names of Knox, Scutt and Stark, and obtained judgment. The defendants appealed to the Seneca common pleas. On the trial in the common pleas it was discovered, that in the return of the justice, the name of *Stark* in setting for the original judgment was omitted. The common pleas permitted the plaintiff to withdraw a juror. On the next day the plaintiff, on notice, applied to the court to have the return amended, which was refused, the court being of opinion that they had *not* the power to grant the amendment ; and then, on the suggestion of the court that they erroneously had permitted a juror to be withdrawn, without the consent of the defendants, another jury was empannelled on the motion of the defendants, and the plaintiff offering no evidence, a verdict was rendered for the defendants under the direction of the court, on which judgment was rendered.

At the last February term, the plaintiff in error applied to this court for a *mandamus* to correct the proceedings in the common pleas, which application was refused on the ground of delay in making the application, (2 Wendell, 264,) and the cause now came before the court on a bill of exceptions, brought up by writ of error.

*S. Birdsall,* for plaintiff in error.

*Tyler & Bascom,* for defendants.

*By the Court,* MARCY, J. The permission to withdraw a juror, or the allowance of the amendment asked for in this case was a matter resting in the sound discretion of the court, and if the court had so understood their powers and in the

exercise of their discretion had refused the plaintiff's applications, this court would not interfere ; but it seems from the bill of exceptions that the defendants were permitted to bring on the trial after the juror was withdrawn, and the motion to amend was denied upon the express grounds that the court could not legally allow of the amendment, and that they had mistaken their power in permitting the juror to be withdrawn.

They did not consult their discretion in refusing the motion to amend, and erred in supposing they had no discretion to exercise. The case is still clearer in relation to the withdrawing of the juror. When the court supposed they had a discretion, they not only permitted him to be withdrawn, but suggested that course to the plaintiff. They countervailed all that they had done for the plaintiff on this subject, not because it had been indiscreetly done, but because it had been done, as they supposed, without lawful authority. I think the judgment in this case ought to be reversed, not for the error of the court in the exercise of their discretion, but for the error of deciding that they had no discretion to exercise.

Judgment reversed, and a venire de novo.