## McELWAIN a. CORNING.

*Supreme Court, Third District; General Term, May,* 1860.

### APPEAL.—AMENDMENT OF SUMMONS, CHANGING PARTIES.— LACHES.

An order refusing leave to amend is appealable if the leave was refused, not in the exercise of discretion, but on the ground of want of power.'

The defendants were administrators of the estate of A., and one of them was also executor of the estate of B.  The plaintiff having a demand against the estate of A., directed his attorneys to sue the defendants thereon, naming them by mistake as the representatives of B., and they issued the summons accordingly. *Held,* that this was a mere misdescription of the representative capacity, and the court had power to allow an amendment.

The fact that the plaintiff after service of his summons, delayed for two years to serve a complaint, is not a fatal objection to.his application for leave to amend his summons.

But defendants should not be allowed to be prejudiced by such delay ; and where they, being sued as administrators, had paid over the greater part of the moneys of the estate, supposing the claim barred by the statute, plaintiff was required, as a condition of leave to amend, to stipulate not to collect in the action more than remained in their hands.

Appeal from order refusing leave to amend.

Janette H. Corning and Samuel S. Dauchy, the defendants in this action, were administratrix and administrator, with the will annexed, of one Samuel G. H. Cook, deceased, and the defendant Dauchy was also at the same time executor of Janette C. Huntington, deceased.

The action was commenced by plaintiff against them, describing them as the administratrix and administrator, with the will annexed, of Janette C. Huntington, deceased. In the summons by which it was commenced, and which was served on the defendants in the month of July, 1858, the plaintiff claimed to recover against the defendants upwards of two thousand dollars, with interest thereon, from the 9th day of January, 1858. Immediately after the service of the summons on them, the defendants appeared and demanded a copy of the plaintiff's complaint in the action. The plaintiff, however, for two years or upwards, neglected to prepare a complaint therein; and, as he says, because he expected the matter could be settled; and at the special term of this court, held on the last Tuesday of March, 1860, before Mr. Justice Gould, moved for an order amending the summons in the action by substituting the name of Samuel G. H. Cook in the place of the name of Janette C. Huntington, wherever it appeared in the summons, on the ground, stated in the moving papers, that the defendants were not administrators, &c., of Janette C. Huntington, but were administrators, with the will annexed, to the letters of Samuel G. H. Cook; that the claim for which the action was brought was against the administrators of Samuel G. H. Cook in his lifetime, and not against Janette C. Huntington or her representatives; that the plaintiff when he gave his attorneys directions to issue the summons in the action by mistake, directed it to be commenced against the defendants as administratrix and administrator of Janette C. Huntington, deceased, instead of against them as administratrix, &c., of Samuel G. H. Cook; that the action was commenced for the purpose of preventing any of the items of the plaintiff's claim against Cook being barred by the statute of limitations, and that unless plaintiff was allowed to amend his summons by inserting the name of Samuel G. H. Cook instead of Janette C. Huntington, his claim would be barred by

the statute of limitations. The defendants opposed the motion, and among other things showed, by the affidavit of Samuel S. Dauchy, that at the time of the commencement of this action he was an executor of the last will and testament of Janette C. Huntington; that he was administrator, with the will annexed, of Samuel G. H. Cook; that as such administrator of said Cook, he duly advertised for the presentation to him of claims against Cook; that within the time required by such advertisement, and on the 9th day of January, 1858, an alleged claim in favor of the plaintiff against Cook, and amounting to upwards of two thousand dollars, was presented by the plaintiff to him, and was by him, thereupon, on the same day, peremptorily rejected as a claim against Cook; that he, Dauchy, supposed the right of action of the plaintiff upon such claim against him, as administrator of Cook, had been barred, by reason of the fact that more than six months had elapsed since such rejection of the claim; that he had acted upon such belief in settling the estate of the deceased, and in paying over almost the whole of the estate to those entitled to the same, and that he had not enough of the estate remaining in his hands to pay one-third of the amount claimed by the plaintiff on the claim so made against the estate; that no other claim of the plaintiff against Cook had ever been presented to said Dauchy, or heard of by him; that he had never contemplated, or heard of any one else contemplating, a settlement of the claim, and he was well satisfied that the plaintiff never had reason to believe that the claim would be settled. The motion was heard at special term, and the following decision rendered:

GOULD, J.—This case is an unusual one. The defendants are not administratrix and administrator, &c., of Janette C. Huntington; but are such of Samuel G. H. Cook, a nephew of Mrs. Huntington: and one of them, Dauchy, is executor of Mrs. Huntington's will. They are sued by summons only, as representing the Huntington estate; while the claim is, in fact, against the Cook estate. And the affidavits of the plaintiff and his attorneys show, that the plaintiff misstated his claim to his attorneys, saying that the defendants were responsible for Mrs. Huntington's liabilities, and they issued the summons accordingly. But when they came to draw the complaint, they

McElwain *a.* Corning.

found that the claim was erroneously stated to them, and they now move to amend the summons by striking out therefrom the name of Janette C. Huntington, and inserting, in its stead, that of Samuel G. H. Cook. It also appears, that if the amendment be not allowed, and the plaintiff be left to the issuing of a new summons, to commence his suit, that such suit would be defeated by the plea of the statute of limitations. In support of the motion, I am referred to 3 *How. Pr.*, 397, and § 173 of the Code ; and in opposition to it, to 1 *Cow.*, 156 ; 22 *Wend.*, 608.

In the first of these cases, the amendment was to cure an irregularity only ; and it was allowed, because without it the plaintiff's claim would be barred by lapse of time. And were the defect, or fault rather, in this summons before me a mere irregularity, I should follow this precedent, and allow the amendment, as being in substantial furtherance of justice; for though the statute of limitations is now considered as a perfectly good as well as a sufficient defence, the courts should not allow a merely technical error to defeat that or any other defence to a fair claim. My difficulty with this motion is, that I am called upon, not merely to add a party to a suit well commenced, but to strike out all the present parties, and insert entirely new parties ; to make a good summons for the plaintiff in a case where he has not a defective one, but where he has none at all. For, though the same persons represent the two entirely separate estates, these defendants are defendants merely as representatives, and as representatives of Cook, they are not sued. The estate of Mrs. Huntington is sued, and against that there is no claim ; the estate of Cook is not sued, while against that there is a claim. It seems to me, that this case is within the cases cited for the defence, without any reference to the question as to the statute of limitations. Were that the only point, and had the plaintiff any thing to amend by, I should certainly allow him to do so.

The motion must be denied, with $10 costs.

From the order entered accordingly, the plaintiff appealed to the general term.

*Lyman Tremain*, for the appellant.

*Jeremiah Romeyn,* for the respondents.

By the Court.*—Hogeboom, J.—There would be a serious difficulty in reviewing the order of the special term, if the discretion of the court below had been exercised in granting it; but it is obvious from the opinion pronounced at special term, that the judge rested his decision entirely on the want of power to grant the order, and not at all on the question of discretion. I regard it, therefore, as open to examination upon appeal.†

And I think the court below had power to grant the order applied for, and should have done so upon terms. The plaintiff's claim, which was prosecuted, was against the estate of Cook; he designed to prosecute that claim, and gave instructions to his attorneys to that effect; he sued the right individuals, but by mistake named them to his attorneys as representing the estate of Huntington, instead of Cook. It is, I think, a mere misdescription of the persons in their representative character, and one not so unlikely to have been made as to be altogether inexcusable. The defendants whom he intended to prosecute, were, in fact, personally served with the process for the commencement of the action, but under a wrong designation. The claim of the plaintiff should not be defeated by such a mere mistake or inadvertence. It is, therefore, a case entitling the plaintiff to relief on terms.

There has been extraordinary delay in preparing and serving a complaint, but that furnishes no fatal objection to granting the relief sought, inasmuch as the defendants might, if they had chosen, have expedited the plaintiff's proceedings or dismissed the action.

The defendants, however, state that supposing the action barred by the lapse of six months after the rejection of the claim, they acted upon such belief, and have paid over almost the whole estate to those entitled to the same, and have not enough of the estate remaining in their hands to pay one-third of the amount claimed by the plaintiff on the claim made against the estate. They must therefore be protected, and not

---

* Present, Gould, Hogeboom, and Peckham, JJ.

† To the same effect is Beach *a.* Chamberlain, 3 *Wend.*, 366.

allowed to be damnified on account of any moneys paid over by them since the lapse of six months after the rejection of the plaintiff's claim.

The order of the special term should be reversed, and the plaintiff allowed to amend in the manner proposed, upon payment of $10 costs of opposing the motion at the special term ; upon payment of $10 costs to the defendants in the action erroneously commenced ; and upon stipulating that in the event the plaintiff succeeds in the action, he will not seek to collect by execution against the defendants, or to obtain the order of the surrogate to do so, any larger amount of the assets of the estate than shall appear to have been in the defendants' hands as administrators at the time of the service of the papers for the motion at special term, unless the surrogate to whom the application is made for the order to issue execution, shall be satisfied that any portion of the assets of the estate shall have been paid out by the defendants before the lapse of six months subsequent to the rejection of the plaintiff's claim, or that they were in bad faith paid out afterwards, before the service of the papers for said motion. Such payment of costs and service of stipulation to be made within twenty days after service of this order. Such stipulation, and this order, to be without prejudice to any remedy to which the plaintiff may be entitled against the next of kin or legatees for any moneys or assets paid over to them, and said stipulation and order may each contain a clause to that effect. Neither party is to have costs on this appeal.